lost in transit and not delivered by reason of the alleged negligence of defendant, a common carrier.

*Charles V. Byrne* for appellant.

*Louis L. Waters,* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

GENERAL ELECTRIC COMPANY, Appellant, *v.* THE DEL-AWARE AND HUDSON COMPANY, Respondent.

*Railroads — carriers — carrier may not pay for movement and switching of cars upon private tracks within plant of shipper.*

*General Electric Co.* v. *Del. & Hudson Co.,* 198 App. Div. 958, affirmed.

(Argued June 6, 1922; decided July 12, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 19, 1921, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term. The claim of the plaintiff was that under an arrangement entered into between it and the defendant in 1894, it was entitled to receive from the defendant twenty cents per ton on all commodities in and out, except certain ones specifically designated, as compensation for its internal movement and switching of cars received from and destined to the defendant in and about its plant in the city of Schenectady, from and to the interchange tracks in that plant whereon the defendant delivered inbound cars to the plaintiff, and the plaintiff delivered outbound cars to the defendant, which internal movement and switching of cars was done by the plaintiff with its engines operated by its employees. The defense to the claim thus made was that the internal movement and switching of cars was and is not any part of the transportation of the commodities contained therein, but was and is a plant, and not a transportation service; that payment therefor by the defendant was, during the period covered by the

34

c'aims of the plaintiff, forbidden and made unlawful by the Act to Regulate Commerce and the acts of Congress amendatory thereof and supplemental thereto, and, if made, would be paying the plaintiff a rebate, which is forbidden by such law.

*Richmond D. Moot* and *Adelbert Moot* for appellant.
*Lewis E. Carr* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ.   Not sitting: ANDREWS, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* LUTHER BODDY, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*
(Argued June 14, 1922; decided July 12, 1922.)

APPEAL from a judgment of the Supreme Court, rendered February 3, 1922, at a Trial Term for the county of New York, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Herman Hoffman* for appellant.
*Joab H. Banton, District Attorney (Robert C. Taylor* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.   Dissenting: CARDOZO, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* JAMES LARKIN, Appellant.

*Crimes — criminal anarchy — judgment of conviction affirmed.*

*People* v. *Larkin*, 200 App. Div. 858, affirmed.
(Submitted June 14, 1922; decided July 12, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 20, 1922, which affirmed a judgment rendered at an Extraordinary Trial Term upon a ver-